UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP TODD TUCKER,
Inmate No. 2259,
     Plaintiff,

vs.                                                        Case No.:  3:20cv5854/LAC/EMT

OKALOOSA COUNTY BOARD
OF COMMISSIONERS, et al.,
     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Okaloosa County Jail proceeding pro se and in

forma pauperis, initiated this action by filing a civil rights complaint pursuant to 42

U.S.C. § 1983 (ECF Nos. 1, 5).  The court is statutorily required to review Plaintiff's

complaint to determine whether the action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a defendant

who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Upon review of Plaintiff's complaint, it is apparent Plaintiff has failed to state a

viable claim for relief.  It likewise is clear Plaintiff cannot cure the deficiencies by

filing an amended complaint.  *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th

Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity

to amend their claims before dismissing them if it appears a more carefully drafted

complaint might state a claim upon which relief can be granted even if the plaintiff

never seeks leave to amend.") (internal marks omitted).   The undersigned thus

recommends the case be dismissed for failure to state a claim upon which relief can

be granted.

I.     BACKGROUND

Plaintiff names three Defendants in the complaint—Okaloosa County Board

of Commissioners (Board), Sheriff Larry Ashley, and Officer R. McCurley (ECF

No. 1 at 1–3).  Plaintiff alleges that in November 2019, "an investigation was started

about drugs being mailed to inmates in the jail" (*id.* at 5).  According to Plaintiff,

"[t]he investigation was initiated after a member of the group 'Unforgiven'

mentioned a racial slur in open court and then filed a judicial qualifications

complaint against Judge Flowers" (*id.*).  Plaintiff says the group has "been the target

of what appears to be a scheme to attack the group," of which Plaintiff is a member

(*id.*).

On August 20, 2020, presumably while incarcerated in the Okaloosa County

Jail, "Plaintiff was arrested for public orders crime—two way communication device

to facilitate a felony and conspiracy to possess[ ] . . .  contraband inside a locked

facility" (*id.* at 6).  Plaintiff denies the charges against him and says he was targeted

based on his membership in "Unforgiven" (*id.*).  Plaintiff also alleges that the charge

relating to a two-way communication device is unfounded, because "that is meant

to be for a cellular phone[ ]," and the "device used was a Jail phone, which is a three

way device" (*id.*).

Plaintiff claims that, in falsely arresting him, Defendants violated his rights

under the Fourth and Fourteenth Amendments (*id.*).  As relief, he seeks an

unspecified amount of punitive damages (*id.*).

II.   DISCUSSION

A. Standard of Review

To survive dismissal at the screening phase, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks and citation

omitted).  The plausibility standard is met only where the facts alleged enable "the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Id.*  The complaint's allegations must establish "more than a sheer

possibility that a defendant has acted unlawfully."  *Id.*  Mere "labels and conclusions

or a formulaic recitation of the elements of a cause of action will not do," and a

plaintiff cannot rely on "naked assertions devoid of further factual enhancement."

*Id.* (internal marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d

1246, 1251 (11th Cir. 2013).  In other words,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The court reads a pro se plaintiff's pleadings in a liberal fashion and holds

them to a less stringent standard than pleadings drafted by attorneys.  *See Harris v.*

*Goderick*, 608 F. App'x 760, 761 (11th Cir. 2015).  Nevertheless, in civil rights

cases, "[m]ore than mere conclusory notice pleading is required . . . .  A complaint

will be dismissed as insufficient where the allegations it contains are vague and

conclusory."  *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (internal

marks and alteration omitted); *see also Beaudett v. City of Hampton*, 775 F.2d 1274,

1278 (4th Cir. 1985) (holding that "[p]rinciples requiring generous construction of

pro se complaints are not . . . without limits" and courts are not required "to conjure

up questions never squarely presented to them").

B. Plaintiff's Complaint

A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Here, as indicated above, Plaintiff invokes the Fourth and Fourteenth Amendments.

In order to sustain a § 1983 claim, the named defendant must be an entity subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is determined by the law of the state in which the district court sits. *Id.* at 1214–15. As set forth above, Plaintiff names as a Defendant the Okaloosa County Board of Commissioners. Not only has Plaintiff made no allegations against the Board, but "the law is established that county commissioners cannot be held liable for actions undertaken during the daily operation of a county jail." *Bullock v. Bates*, No. 2:08-CV-977-WKW, 2009 WL 47342, at *1 (M.D. Ala. Jan. 7, 2009) (citing *Turquitt v. Jefferson Cty., Ala.*, 137 F.3d 1285, 1289 (11th Cir. 1998)).

Plaintiff's claims against the Board thus fail as a matter of law. The court will turn now to Plaintiff's claims against the remaining Defendants.

       1. Fourth Amendment

"A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim." *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990). "The existence of probable cause, however, is an absolute bar to a section 1983 action for false arrest." *Id.* at 1505–06. "Probable cause [to arrest] exists where 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Id.* at 1506 (quoting *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949) (brackets in original)). "Probable cause does not require overwhelmingly convincing evidence, but only 'reasonably trustworthy information, and probable cause must be judged not with clinical detachment but with a common sense view to the realities of normal life." *Id.* (internal mark and citations omitted). The level of proof needed to make a probable cause determination is considerably less than that which is needed to obtain a conviction, and the fact that a criminal defendant is later acquitted or released does not by itself mean that probable cause

was lacking.  *Id.* at 1507;  *Von Stein v. Bresher*, 904 F.2d 572, 578 n.9 (11th Cir. 1990).

Plaintiff has not sufficiently alleged an absence of probable cause for his arrest.   He says there was an investigation into the "Unforgiven" and that "[i]nformation obtained was mostly from unreliable sources such as inmates" (ECF No. 1 at 5).  He also suggests he was wrongfully arrested because the device used was a jail phone and not a cellular phone.  As the Eleventh Circuit has recognized, however, conclusory allegations regarding a warrantless arrest without facts showing a lack of probable cause are insufficient to sustain a Fourth Amendment claim.  *See, e.g., Wright v. Dodd*, Case No. 10-15609, 2011 WL 3611972, at *1 (11th Cir. 2011).  Even if probable cause was lacking, Plaintiff has not alleged that any Defendant had any involvement in his arrest.  Plaintiff thus has failed to plead a viable Fourth Amendment claim.

2.  Fourteenth Amendment

The only provision of the Fourteenth Amendment Plaintiff even arguably invokes is the due process clause.  *See* U.S. Const. Amend. XIV.  Under the due process clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1.

False imprisonment can constitute a Fourteenth Amendment violation. *See, e.g.,*

*Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009). As the Eleventh Circuit

explained, however, "a claim of false imprisonment, absent misidentification,

depends on an absence of probable cause:

> A false imprisonment claim under section 1983 is based on the
> protection of the Fourteenth Amendment against deprivations of liberty
> without due process of law. Where a police officer lacks probable cause
> to make an arrest, the arrestee has a claim under section 1983 for false
> imprisonment based on a detention pursuant to that arrest . . . .
> Additionally, . . . under certain circumstances, a detention following a
> valid arrest may present a viable section 1983 claim where the detainee
> protests the detention on the basis of misidentification.

*Case v. Eslinger*, 555 F.3d 1317, 1330 (11th Cir. 2009). Because Plaintiff has not

sufficiently alleged lack of probable cause for his arrest, he has not pled a viable

Fourteenth Amendment claim.

### 3. Additional Considerations

Not only has Plaintiff failed to allege facts sufficient to state a viable Fourth

or Fourteenth Amendment claim, but because the underlying criminal matter is still

pending,[1] this court cannot intervene. Indeed, federal courts cannot intervene in

ongoing criminal proceedings except in the most extraordinary circumstances and

---

[1] *See* https://clerkapps.okaloosaclerk.com/benchmarkweb2/CourtCase.aspx/Details/3020290?
digest=VvGiZ3rCpJyuN9H0ha4GCw.

Case No.:  3:20cv5854/LAC/EMT

upon a clear showing of both great and immediate harm.  *Younger v. Harris*, 401
U.S. 37 (1971); *see also Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *Luckey v.
Miller*, 976 F.2d 673 (11th Cir. 1992).  *Younger* abstention is required when: (1)
state proceedings, judicial in nature, are pending; (2) the state proceedings involve
important state interests; and (3) the state proceedings afford adequate opportunity
to raise the constitutional challenges.  *See id*.; *see also 31 Foster Children v. Bush*,
329 F.3d 1255, 1274 (11th Cir. 2003).   An adequate opportunity to raise
constitutional challenges exists if "state procedural law does not clearly bar the
interposition of the constitutional claims."  *Old Republic Union Ins. Co. v. Tillis
Trucking Co., Inc.*, 124 F.3d 1258, 1262 (11th Cir. 1997) (internal marks omitted).
Because the state charges against Plaintiff are still pending, Plaintiff's claims are
barred by *Younger* because Plaintiff has alleged no procedural bar to any state court
claim and, in fact, he may raise the matters at issue here in the state court proceeding.

III.   CONCLUSION

"[A] district court has the inherent power to dismiss an action that is 'so
patently lacking in merit as to be frivolous.'"  *Guthrie v. U.S. Gov't*, 618 F. App'x
612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de
Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v.*

*Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). For the reasons set forth above, it is evident Plaintiff has wholly failed to allege facts showing he is entitled to relief on his claims. It also is apparent Plaintiff cannot cure the deficiencies by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully **RECOMMENDED**:

1.     That this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

2.     That the Clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this <u>3rd</u>  day of April 2021.


                              /s/ Elizabeth M. Timothy
                              **ELIZABETH M. TIMOTHY**
                              **CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**


Case No.:  3:20cv5854/LAC/EMT